IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NKRUMAH FERRELL,

    Plaintiff,

        v.

HARBOR FREIGHT TOOLS USA,
INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-4342-TWT

## OPINION AND ORDER

This is a personal injury and products liability action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 3]. For the reasons set forth below, the Plaintiff's Motion to Remand [Doc. 3] is DENIED.

## I.  Background

This case arises from alleged injuries that the Plaintiff Nkrumah Ferrell sustained in November 2020 when operating a floor jack manufactured and sold by the Defendant Harbor Freight Tools USA, Inc. (Compl. ¶ 32). The Plaintiff originally filed suit in Cobb County State Court on September 26, 2022. After the parties conducted some discovery, including taking the Plaintiff's deposition on August 31, 2023, the Plaintiff's counsel sent a settlement offer to the Defendant's counsel for $10,000,000 on September 6, 2023. (Docs. 1-2, 1-4). The Defendant then removed the case to this Court on September 25, 2023, and the Plaintiff now moves to remand the case to Cobb County State Court.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

## III.    Discussion

The Plaintiff moves to remand this case to state court, arguing that the Defendant's removal was untimely because it knew, or should have known, from the face of the Complaint that the amount in controversy exceeded $75,000 and thus that it needed to file a notice of removal within thirty days

of service. (Br. in Supp. of Pl.'s Mot. to Remand, at 1, 3). In response, the Defendant claims that it "had no indication of the amount in controversy because: (1) Plaintiff's Complaint alleged no specific damages amount (compensatory or punitive); (2) his discovery responses contained no specific damages amount; and (3) the medical bills received from his providers showed treatment received totaled less than $6,000." (Def.'s Resp. Br. Opp'n to Pl.'s Mot. to Remand, at 5).

Generally, a notice of removal must be filed by the defendant within thirty days of receipt of the complaint. 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). Courts have interpreted "other paper" to include settlement offers, deposition testimony, and demand letters. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007).

> As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct

3

knowledge of the value of the plaintiff's claims.

To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id.* at 1213 n.63 (citations omitted).

Here, the Court cannot conclude that the Defendant "should have known from the face of plaintiff's complaint that the instant action was removable." *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1453 (N.D. Ga. 1994). Indeed, the Complaint contains no specific dollar figure that the Plaintiff seeks in damages, and its reference to "uncapped punitive damages" does not alone establish the amount-in-controversy requirement. (Compl. ¶ 91); *see also Smith*, 843 F. Supp. at 1453 ("The punitive damages claimed by plaintiff are even more 'nebulous' than his alleged compensatory damages, inasmuch as he does not allege any dollar amount whatsoever in the complaint. . . . [T]he uncertain nature of punitive damages can be fatal to jurisdiction."). The only specific dollar figures of which the Defendant received notice (prior to the demand letter) were the Plaintiff's medical records from his providers that

4

show bills totaling less than $6,000. (Docs. 3-3, 3-4).

The Court agrees that these alleged damages tend to show that the Plaintiff's damages did not meet the $75,000 amount-in-controversy threshold. (Def.'s Resp. Br. Opp'n to Pl.'s Mot. to Remand, at 10); *see also Patel v. Kroger Co.*, 2013 WL 12068988, at *3 (N.D. Ga. Nov. 12, 2013) ("The fact that the parties exchanged information on medical expenses which totaled less than $10,000 is directly relevant to what Defendant understood about the amount in controversy."). Thus, when the Plaintiff testified to the extent of his physical incapacity in his deposition on August 31, 2023, and then sent a demand letter for $10,000,000 to the Defendant on September 6, such "other paper" put the Defendant on notice for the first time as to the extent of the damages that the Plaintiff sought. (Docs. 1-2, 1-4). And because the Defendant removed this case on September 25, 2023, within a month of learning such information (and less than a year from the Plaintiff's original filing suit), its removal was timely under 28 U.S.C. § 1446(b).

In reply, the Plaintiff attempts to distinguish *Lowery* on the ground that it involved class action claims without a claim for "uncapped" punitive damages, unlike his claim here, and disavows certain parts of the *Lowery* opinion as dicta. (Reply Br. in Supp. of Pl.'s Mot. to Remand, at 6–8, 6 n.2 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 764 (11th Cir. 2010))). But the present case is analogous to *Lowery*, and the Plaintiff misreads

*Pretka*'s discussion of the dicta in *Lowery*.

To begin with, the Eleventh Circuit in *Pretka* distinguished *Lowery* as being removed under a different paragraph of 28 U.S.C. § 1446(b). *Pretka*, 608 F.3d at 757. In *Lowery*, the defendants removed to federal court under § 1446(b)(3), "three years after the *Lowery* plaintiffs had filed their initial complaint—long after the closing of the 30–day removal window supplied by" § 1446(b)(1). *Id.* (citing *Lowery*, 483 F.3d at 1188). The defendant in *Pretka*, however, "filed its notice of removal within thirty days of being served," as contemplated by § 1446(b)(1). *Id.*

Because the defendant's removal in *Pretka* arose under (b)(1), and not (b)(3) as in *Lowery*, the Eleventh Circuit in *Pretka* held that it could consider certain evidence offered by the *defendants* in support of the existence of federal jurisdiction over the case. *Id.* at 760–62. On this issue, the court in *Pretka* disregarded certain dicta in *Lowery* related to the "receipt from the plaintiff" rule, which *Lowery* suggested applied under both (b)(1) and (b)(3) but that *Pretka* clarified only applied under (b)(3). *Id.* at 768.

Here, as in *Lowery*, the Defendant removes under (b)(3), so the holding in *Pretka* is inapposite. And although *Lowery* arose in the class action context, the Eleventh Circuit in *Lowery* similarly considered whether the defendants' notice of removal contained a document "clearly indicating that the aggregate value of the plaintiffs' claims" exceeded the amount-in-controversy threshold.

*Lowery*, 483 F. 3d at 1221. Though no such document existed in *Lowery*, one exists here. *See* Doc. 1-4. And because the Plaintiff's offer of settlement letter clearly exceeded the amount-in-controversy requirement, removal was proper under § 1446(b)(3).

The Plaintiff's argument in support of remand largely rests on his position that his claim for "uncapped" punitive damages in the Complaint facially establishes that the amount in controversy exceeds $75,000 because punitive damages in tort cases are generally capped at $250,000. (Reply Br. in Supp. of Pl.'s Mot. to Remand, at 8–9). But none of the cases he cites in support directly state such a proposition. And the fact that punitive damages may be uncapped in certain products liability and intentional tort cases does not alone establish that pleading such uncapped punitive damages facially satisfies the amount-in-controversy threshold. Thus, the Plaintiff's pleading of uncapped punitive damages does not require remand of the case. Accordingly, the Court finds that the Defendant has carried its burden to show by a preponderance of the evidence that its removal of this case was proper.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand [Doc. 3] is DENIED.

SO ORDERED, this ___19th___ day of December, 2023.

7

THOMAS W. THRASH, JR.
United States District Judge